WILLIAM BRADFORD WILLARD, Plaintiff, *v.* GLADYS WILLARD and BROOKLYN SAVINGS BANK, Defendants.

(Supreme Court, Kings Special Term, May, 1918.)

**Savings banks — trusts — actions — judgments — title.**

Five years after an elderly woman had opened a savings bank account in her own name in trust for plaintiff, she closed the account and with the amount thereof and some interest opened a new account in the name of the individual defendant, in trust for plaintiff. With the consent of the new trustee she retained custody of the pass-book and it was returned to her when the new trustee collected or paid over the interest. In a note written to plaintiff about a year after the old account had been opened, and which was found in the pass-book after her death, she expressed the hope that the bank-book would help him over some pressing emergency should it ever come to him, and advised him to let the money accumulate for that purpose. In an action against the new trustee and the bank to recover the amount called for by the pass-book, *held,* that plaintiff was entitled to judgment on the ground that it would be inequitable to permit the individual defendant to assert title to the fund either for her own benefit or that of any person other than plaintiff.

ACTION to recover savings bank deposit.

A. Wheeler Palmer, for plaintiff.

Alvan R. Johnson, for defendant Gladys Willard.

BENEDICT, J. I have examined the brief of the learned counsel for the defendant, but it has not changed the opinion which I formed upon the trial, that the plaintiff is entitled to recover. The facts in the case seem to me to be quite plain and from them the legal as well as the logical conclusion is not difficult to reach.

Miss Annie H. Bryar, an elderly lady who had been a lifelong friend both of the plaintiff, William Bradford Willard, and of his sister, the defendant Gladys Willard, opened an account with the Brooklyn Savings Bank on January 7, 1909, under the caption, "Annie H. Bryar in trust for William B. Willard," and deposited $500 to the credit of the account. She retained the custody of the pass-book and allowed the interest to accumulate until February 1, 1912, when she withdrew the accumulated interest. In January, 1914, she again drew out all of the interest which then stood to the credit of the account. On February 21, 1914, she closed the account by transferring the principal sum of $500 to a new account which she caused to be opened on that day under the caption of, " Gladys Willard in trust for W. Bradford Willard." Such new account was credited with the $500 from the former account, and the current interest thereon from January 1, 1914, was passed to the new account, in accordance with the bank's custom upon a transfer of accounts, and was credited on the new account upon January 1, 1915, the end of the fiscal year. Miss Willard accompanied Miss Bryar and assisted her in the making of the transfer. The new pass-book was given to Miss Willard, who turned it over to Miss Bryar at once; and the latter withdrew and collected the interest on the deposit either in person or by Miss Willard on February 13, 1915, and on January 26, 1917. Miss Bryar retained the custody of the second pass-book until her death which occurred in October, 1917, and the pass-book was found by Miss Willard among the private papers of her deceased friend after the latter's death. On January 16, 1910, Miss Bryar wrote a note in the following terms and placed it in the pass-book and it was found with the second pass-book after her death, viz.:

35

" DEAR BRADFORD

" I hope this Bank-book will help you over some pressing emergency — should it ever come to you. Do not I beg of you use it in small sums but let it accumulate for the great need! is the advice of

         " Your loving Aunt

           "ANNIE H. BRYAR.

" January 16th 1910."

It seems to me that Miss Bryar's intention to continue William Bradford Willard as the beneficiary of the trust, notwithstanding the transfer of the account, is too clear to be affected by any statements which she may have uttered subsequently as to the ultimate use to which she hoped that the fund would be put. She had the right to withdraw the entire fund and thus destroy the tentative trust in her lifetime, if she had wished to do so; but the evidence clearly shows that such was not her intention so far as the principal of the fund was concerned. See *Matter of Totten,* 179 N. Y. 112. In altering the account from her own name to that of the defendant Gladys Willard she indicated no purpose to change the beneficiary for whose benefit she had made the deposit five years earlier. She merely substituted another and younger trustee in her own place, she then being in infirm health and over seventy years of age. She, however, retained control over the trust fund by retaining the custody of the pass-book, apparently with the full consent of the new trustee, who returned it to her after collecting the interest and paying it over to her on two occasions. Under these circumstances it would be inequitable to permit the substituted trustee to assert title to the fund either for her own benefit or that of any person other than the beneficiary originally named by the creator of the trust. The court ought not to divert the fund to any different use or into any other channel upon

doubtful evidence of a contradictory intention from that formerly and formally expressed by the donor of the trust fund, however meritorious such a diversion might seem. Nevertheless the court can and should express the hope that the small fund in controversy be not depleted by further unfortunate litigation between this brother and sister; for, whatever may have been Miss Bryar's beneficent purpose with regard to the money, she certainly never intended nor anticipated that it should or would be consumed in suits at law.

Judgment for plaintiff as prayed for, but without costs.

Judgment accordingly.